IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIZA FNU and<br>ANKIT KUMAR CHATARJEE<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>SWARNA JEWELS, LLC,<br><br>　　　　　　Defendant. | CIVIL ACTION<br><br>NO:　2:22-cv-01108 |

## CIVIL ACTION COMPLAINT

Plaintiffs, Liza Fnu and Ankit Kumar Chatarjee (hereinafter the "Plaintiffs"), by and through their undersigned counsels, bring this action, seeking all available relief under the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the state Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.* The following averments are based upon Plaintiffs' personal knowledge as to Defendant's action and further upon Plaintiffs' information and belief.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

2. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear Plaintiffs' state law claims brought under the PMWA, 43 P.S. § 333.101, *et seq.*

3. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant operates in this district,

Plaintiffs worked for Defendant in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff, Liza Fnu, is an individual who resides in the Commonwealth of Pennsylvania at 10900 Bustleton Avenue, Apartment 894, Philadelphia, Pennsylvania.

5. Plaintiff, Ankit Kumar Chatarjee, is an individual who resides in the Commonwealth of Pennsylvania at 1350 Woodbourne Road, Apartment E79, Levittown, Pennsylvania.

6. Defendant, Swarna Jewels, LLC, is a limited liability company, maintaining its principal place of business at 2101 Street Road, Bensalem, Pennsylvania.

7. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant is also an "employer" under the PMWA, 43 P.S. § 333.103(g).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. At all times relevant herein, Defendant operated a willful scheme to deprive Plaintiffs of overtime compensation.

9. Plaintiff, Liza Fnu, was employed by Defendant starting on or about September 11, 2020 to on or about September 16, 2021, during which time she was employed as an hourly sales associate for Defendant.

10. From the date of Plaintiff Liza Fnu's hire through June of 2021, she was paid an hourly rate of $14.00 per hour and performed her job functions in a dutiful and competent manner.

11. However, on or about July 1, 2021, Plaintiff Liza Fnu's hourly rate was, unilaterally and without notice, reduced to $9.00 per hour.

12. During the course of her employment, Plaintiff Liza Fnu regularly worked over forty (40) hours per workweek.

13. In fact, Plaintiff Liza Fnu generally worked between sixty (60) and sixty-five (65) hours on a typical workweek.

14. Plaintiff Ankit Kumar Chatarjee was employed by Defendant starting on or about August 1, 2020 to on or about August 27, 2021, during which time he was employed as an hourly sales associate for Defendant.

15. From the date of Plaintiff Ankit Kumar Chatarjee's hire through May of 2021, he was to be paid an hourly rate of $16.00 per hour.

16. Thereafter from June of 2021 to the date of termination of his employment – August 27, 2021 - Plaintiff Ankit Kumar Chatarjee was to be paid an hourly rate of $20.00 per hour.

17. However, on or about July 1, 2021, Plaintiff Ankit Kumar Chatarjee's hourly rate was, unilaterally and without notice, reduced to $9.00 per hour.

18. At all times relevant to his employment with and for Defendant, Plaintiff Ankit Kumar Chatarjee performed his job functions in a dutiful and competent manner.

19. During the course of his employment, Plaintiff Ankit Kumar Chatarjee regularly worked over forty (40) hours per workweek.

20. In fact, Plaintiff Ankit Kumar Chatarjee generally worked between sixty (60) and sixty-five (65) hours on a typical workweek.

21. Both Plaintiffs were non-exempt from federal and state overtime laws.

22. Defendant permitted Plaintiffs to work more than forty (40) hours per week without overtime pay, as aforesaid.

23. In an apparent acknowledgement of its failure to pay overtime, Defendant unilaterally reduced Plaintiffs' hourly rates in June of 2021, and commenced paying overtime to Plaintiffs.

24. In failing to pay Plaintiffs their overtime premium compensation on weeks where Plaintiffs worked over forty (40) hours, Defendant has acted willfully and with reckless disregard of the applicable provisions proscribed in the FLSA and PMWA.

25. Moreover, the weekly paystubs issued by Defendant to Plaintiffs failed to list the number of hours worked during a given workweek as well as the hourly rates applicable to Plaintiffs' employment.

## PLAINTIFFS v. DEFENDANT
## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

26. Plaintiffs incorporate all preceding paragraphs of their Complaint as if set forth at length herein.

27. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

28. Defendant permitted Plaintiffs to routinely work more than forty (40) hours in a workweek without overtime compensation.

29. Defendant's actions and practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs the required overtime compensation.

30. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered a loss of income and other damages. Plaintiffs are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

31. By failing to accurately record and report the number of hours worked during a given workweek as well as the hourly rates applicable to Plaintiffs' employment on Plaintiffs' paystubs so as to determine their wages, hours, and other conditions, Defendant failed to make, keep, and preserve records, rendering it in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

**PLAINTIFFS v. DEFENDANT**
**COUNT II – OVERTIME VIOLATIONS UNDER PENNSYLVANIA STATE LAW**
**THE PENNSYLVANIA MINIMUM WAGE ACT, 43 P.S. § 333.101, ET SEQ.**

33. Plaintiffs incorporate all preceding paragraphs of their Complaint as if set forth at length herein.

34. At all times relevant to this action, Plaintiffs were an employee of Defendant within the meaning of the PMWA and entitled to its protections. *See* 43 P.S. § 333.103(h).

35. Defendant is an employer covered by the PMWA. *See* 43 P.S. § 333.103(g).

36. The PMWA entitles employees to overtime compensation at a rate of not less than one and one-half times the employee's regular rate for hours worked in excess of forty (40) in a workweek. *See* 43 P.S. § 333.104(c).

37. Further, the PMWA requires that "[e]very employer furnish to each employee a statement with every payment of wages, listing hours worked, rates paid,

gross wages, allowances, if any, claimed as part of the minimum wage, deductions, and net wages." *See* 34 Pa. Code § 231.36.

38. Defendant violated the PMWA by routinely failing to appropriately compensate Plaintiffs for hours worked in excess of forty (40) in a workweek, and with respect to such hours, failing to compensate Plaintiffs based upon the overtime premium rate of one and one-half times her regular rate of pay.

39. Further, the PMWA requires that "[e]very employer furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions, and net wages." *See* 34 Pa. Code § 231.36.

40. Plaintiffs seek damages in the amount of their underpayments based on Defendant's failure to pay wages due pursuant to the PMWA, and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems just and proper.

41. Defendant's furnishing of paystubs (statements) which failed to list the hours worked per workweek by Plaintiffs and the hourly rates paid to Plaintiffs per workweek violates the PMWA.

42. Plaintiffs also seeks recovery of all attorneys' fees, costs, liquidated damages, pre-judgment interest, and expenses of this action that are available under the PMWA.

**PLAINTIFFS v. DEFENDANT**
**COUNT III – BREACH OF CONTRACT**

43. Plaintiffs incorporate all preceding paragraphs of their Complaint as if set forth at length herein.

44. Defendant entered into binding oral contracts for employment with Plaintiffs,

imposing duties on these parties. Said duties include, but are not limited to, the payment of $14.00 for every hour of work performed on a forty (40) hour workweek to Plaintiff Liza Fnu and the payment of $16.00 for every hour of work performed on a forty (40) hour workweek to Plaintiff Ankit Kumar Chatarjee from August 1, 2020 through May 31, 2021 and – thereafter – and the payment of $20.00 for every hour of work performed on a forty (40) hour workweek to Plaintiff Ankit Kumar Chatarjee from June 1, 2021 through August 27, 2021.

45. Plaintiffs performed under the oral contracts by executing their work duties for as long as they were permitted to do so.

46. Defendant failed to perform its duties with respect to the payment of wages, and thus breached its contracts with Plaintiffs.

47. Upon information and belief, Defendant, on or about the pay period starting on July 1, 2021 through the termination of Plaintiffs' employment, reduced Plaintiffs, Liza Fnu and Ankit Kumar Chatarjee's hourly rate of $14.00 and $20.00, respectively, to $9.00. Plaintiffs were never made aware of this action and it was only made known by virtue of Defendant commencing to provide a breakdown of the regular rate upon their earning statements.

48. Defendant breached the terms of its compensation by failing to pay Plaintiffs the agreed hourly rates to be paid.

49. Defendant authorized, assented to, was aware, or should have been aware of the herein-described breach.

50. Plaintiffs were injured by Defendant's breach of contract in that they did not receive the wages that were contracted to be paid.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, prays for judgment against Defendant as follows:

a. A finding that Defendant violated the overtime provisions of the FLSA and PMWA;

b. Judgment against Defendant in the amount of Plaintiffs' unpaid back wages at the applicable overtime rates;

c. Judgment against Defendant in the amount of Plaintiffs' unpaid back wages for the difference of the amount owed in connection with the unilateral reduction by Defendant to Plaintiffs' hourly rate of pay;

d. An award of all damages, liquidated damages, pre-judgment interest, and post-judgment interest;

e. An award of attorneys' fees and costs incurred in prosecuting this action; and

f. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial.

Respectfully,
**LOVITZ LAW FIRM, P.C.**


*/ s / Kevin I. Lovitz*
KEVIN I. LOVITZ, ESQUIRE
ID # 70184
One Liberty Place
1650 Market Street – 36th Floor
Philadelphia, PA 19103
(215) 735-1996 (Phone)
(215) 735-1515 (Fax)
Co-Counsel for Plaintiffs, Liza Fnu and Ankit Kumar Chatarjee


Respectfully,
**TOWN LAW LLC**


*/ s / Ian V. Gallo*
IAN V. GALLO, ESQUIRE
ID # 320758
1650 Market Street – Suite 3669
Philadelphia, PA 19103
(917) 974-6091 (Phone)
(610) 813-4944 (Fax)
Co-Counsel for Plaintiffs, Liza Fnu and Ankit Kumar Chatarjee